DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nationwide Mutual Insurance Company, appeals from the decision of the Summit County Court of Common Pleas which found that certain policies of Appellant provided UM/UIM coverage to Martina Shaefer pursuant to Scott-Pontzer v. LibertyMutual Fire Insurance Co. (1999), 85 Ohio St.3d 660 andSelander v. Erie Insurance Group (1999), 85 Ohio St.3d 541. We reverse.
 I. {¶ 2} On August 22, 1998, Appellee, Martina Shaefer ("Shaefer"), and her husband, Shane Wamsley ("Wamsley"), were traveling home on I-76 after visiting several local bars. Wamsley was driving Shaefer's vehicle, and negligently caused an automobile accident in which Shaefer was seriously injured.
 {¶ 3} In April 1999, Shaefer entered into a settlement agreement with her insurance carrier for $125,000.00, paid pursuant to a UM/UIM provision of her policy. Shaefer then asserted a claim against Appellee, State Automobile Mutual Insurance Co. ("State Automobile"), for UM/UIM benefits under a policy which covered Wamsley's employer, NGN Electrical Corporation. Shaefer and State Automobile eventually entered into a settlement agreement and assignment related to her claims for UM/UIM coverage.
 {¶ 4} Following this agreement, Shaefer and State Automobile jointly pursued an action against Appellant for UM/UIM benefits under a policy which covered Shaefer's employer, Britain Manhattan Corporation. Following motions for summary judgment from all parties, the trial court, in September 2002, found that UM/UIM coverage existed under Appellant's policy pursuant toScott-Pontzer, 85 Ohio St.3d 660. Appellant filed a motion to reconsider that decision, which the court denied. The court entered a final order regarding its coverage decision on November 6, 2003. Appellant timely appealed and raises one assignment of error.
 II. Assignment of Error "The trial court erred and improperly granted summary judgmentto the appellees, and denied summary judgment to the appellant,by finding that um/uim coverage is available from the nationwidepolicy. um/uim coverage is unavailable from the nationwide policybecause the Westfield v. Galatis decision terminates anypossible argument for Scott-Pontzer coverage. furthermore, evenif the court chooses not to apply Galatis, UM/UIM coverage doesnot exist because the nationwide policy is not an automobileliability policy of insurance as defined by Ohio's former UM/UIMstatute."
 {¶ 5} In its only assignment of error, Appellant argues that the trial court erred in granting summary judgment on its insurance policy for UM/UIM coverage under Scott-Pontzer.
Following the decision in Galatis, Appellant contends thatScott-Pontzer coverage does not exist where an individual is not acting in the course and scope of employment at the time of the accident. We agree.
 {¶ 6} Shaefer and State Automobile premised their claims for UM/UIM coverage under Scott-Pontzer, 85 Ohio St.3d 660. On November 5, 2003, after the trial court made its initial ruling on UM/UIM coverage, the Ohio Supreme Court issued its decision inWestfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which greatly curtailed the application ofScott-Pontzer. In Galatis, the Court held that:
"Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis at paragraph two of the syllabus.
Shaefer and State Automobile concede that Galatis effectively eliminated UM/UIM coverage under Appellant's policy in this case as Shaefer was not acting within the course and scope of her employment at the time of the accident. Accordingly, we sustain Appellant's assignment of error.
 III. {¶ 7} We sustain Appellant's assignment of error, reverse the decision of the Summit County Court of Common Pleas, and remand for proceedings consistent with this opinion.
Judgment reversed and remanded.
Slaby, J. and Batchelder, J. concur.